UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRIEDRICH LU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 20-10031-JGD |
| DAVID CARRASCO, WILLARD J. BOULTER III, | ) | |
| DAVID J. O'CONNOR, MASSACHUSETTS | ) | |
| INSTITUTE OF TECHNOLOGY, and | ) | |
| CHISTOPHER SAMUEL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANTS' MOTION TO DISMISS, PLAINTIFF'S REQUEST
FOR DEFAULT AND PLAINTIFF'S MOTION TO STRIKE**

July 30, 2020

DEIN, U.S.M.J.

## I. INTRODUCTION

The *pro se* plaintiff, Friedrich Lu ("Lu") was arrested outside of the Massachusetts Institute of Technology ("MIT") library by defendants MIT Police Officers David Carrasco, Willard J. Boulter III, and David J. O'Connor. Lu was then booked at the Police Station by defendant Cambridge Police Officer Christopher Samuel. The Officers allegedly threw away Lu's property throughout the arrest and booking process. Lu alleges the defendants violated 42 U.S.C. § 1983 because the arrest violated his Fourth Amendment right against unreasonable seizure and Fourteenth Amendment due process rights. He also alleges false arrest, false imprisonment, theft of property, and malicious prosecution.

The defendants[1] argue this case must be dismissed under Fed. R. Civ. P. 41 because Lu, a frequent litigant, failed to comply with an Order issued in 2002 by Judge Wolf ("2002 Order"). The 2002 Order requires Lu to attach to any complaint a copy of the 2002 Order and a certification that he has complied in good faith. As Lu did not attach the 2002 Order to this Complaint, and Lu has continuously failed to comply with the procedural order in his many cases, the defendants contend the case should be dismissed with prejudice.

Lu opposed the Motion to Dismiss and separately filed a Request for Default and a Motion to Strike the MIT Defendants' Answer. In his opposition, Lu argues the 2002 Order is unenforceable, a position Lu has taken in an appeal now pending before the First Circuit. He argues that if the 2002 Order is enforceable, the sanction should be contempt and not dismissal of the case. In his Request for Default and Motion to Strike, Lu argues that the MIT Defendants' Answer, which was filed after their Motion to Dismiss, was filed late and therefore they have defaulted.

For the reasons detailed below, the Defendants' Motion to Dismiss (Docket No. 12) is **ALLOWED**. Lu's Motion to Strike MIT Defendants' Answer (Docket No. 23) is **DENIED** as moot. Lu's Request for Default (Docket No. 18) is **DENIED**.

## II. FACTS AND PROCEDURE

In the last twenty years, Lu has filed at least thirty cases in the United States District Court for the District of Massachusetts, seven of which have been filed in the last year. (PACER Case Locater, Party Search Results "Friedrich Lu" (Docket No. 13-1) at 1-2). Relevant to this

---

[1] The Motion to Dismiss was filed by MIT and the MIT Police Officers (collectively "MIT Defendants"). (Docket No. 12). Officer Samuel joined the motion. (Docket No. 26).

case, in 2002 Judge Wolf issued an Order, the 2002 Order, dismissing a case brought by Lu, issuing an injunction against filing claims that relate to the claims in that case, and requiring Lu to, "attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order." Lu v. Harvard Univ., Memorandum and Order, 00-cv-11492-MLW at *17 (Mar. 29, 2002) (Wolf, J.). In support of the 2002 Order, Judge Wolf noted that as a *pro se* litigant Lu "incur[s] little or no cost in conjunction with [his] suits. However, the individuals [Mr.] Lu sues must incur the costs associated with responding to Lu's allegations each time he files a new case, "and that "Lu's complaints have also significantly burdened the state and federal court systems and their limited resources." Id., at *15.

Accepting the allegations of the complaint as true, on January 29, 2017, Lu was arrested by Officer Carrasco, with approval from Officers Boulter and O'Connor, as he exited MIT's Dewey Library. (Compl. (Docket No. 1) ¶ 3). The Officers proceeded to throw away Lu's carry-on property. (Id.). Lu was then booked at the City of Cambridge's Police Department, where Officer Samuel threw away the contents of Lu's pockets except for his ID cards and money. (Id. at ¶ 4). His belongings were later recovered from the trash bin by a different unknown officer. (Id.).

Lu's complaint alleges five counts. First, he asserts a claim pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his Fourth Amendment right against unreasonable seizure and his Fourteenth Amendment rights to Due Process and Equal Protection (Count I). Lu also alleges false arrest (Count II), false imprisonment (Count III), theft of property (Count IV), and

malicious prosecution (Count V).  Lu did not attach the 2002 Order to his Complaint nor has he sought to file it with the Court at any time since this litigation commenced.

### III. ANALYSIS

### Motion to Dismiss

Under Rule 41, a Court may involuntarily dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order[.]"  Fed. R. Civ. P. 41(b).  The defendants argue that "[b]ecause Mr. Lu failed to comply with this Court's 2002 Order, and because he has repeatedly demonstrated an unwillingness to comply with that order, his Complaint should be dismissed with prejudice."  (Mot. to Dismiss Br. (Docket No. 13) at 3).  In his opposition, Lu argues that there is a "mastermind" pulling the strings and coordinating Lu's opponents which has caused him to "s[ee] red" over the defendant's motion that he calls, "in military jargon, a pitched battle."  (Pl.'s Opp'n (Docket No. 17) at 1).  Lu asserts that he is currently appealing the enforceability of the 2002 Order to the First Circuit, and argues that his failure to comply with the Order should not lead to dismissal but a finding of contempt.  (Id. at 2, 4).

Under Fed. R. Civ. P. 41, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case for . . . failure of the plaintiff to comply with any order of the court."  Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (citing Cintrón–Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002)).  Dismissal is appropriate "'only when a plaintiff's misconduct is extreme.'"  Vázquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011) (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)).  The severity of the plaintiff's misconduct is

> measured by considering all aspects of the case, including the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the

> deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.

Ruiz-Rosa v. Rullan, 485 F.3d 150, 154 (1st Cir. 2007) (internal punctuation and citation omitted). "In addition, procedural fairness mandates that the plaintiff be afforded an opportunity to explain her noncompliance or to advocate for a lesser sanction." Id.

Lu has not complied with the 2002 Order in this case nor has he offered any justification for this failure to comply. Further, Lu has repeatedly failed to comply with the 2002 Order despite warnings from the Court that dismissal of his case could be an appropriate sanction should he fail to comply. Lu v. Menino, 98 F. Supp. 3d 85, 107, 109 (D. Mass. 2015) (finding Lu has repeatedly failed to comply with the 2002 Order and advising "that such conduct may result in a sanction, including monetary sanction or a stricter bar to filing cases in the district court."); see also Lu v. Niles, Civil Action No. 16-12220-FDS, 2017 WL 3027251, at *2 (D. Mass. July 17, 2017) (noting failure to comply with the March 2002 Order could lead to the harsh sanction of dismissal). Even the actual imposition of the sanction of dismissal has not convinced the plaintiff to follow the 2002 Order. Lu v. Capital Waste Servs., Inc., Civil Action No. 19-11458-FDS, 2019 WL 8756875, at *2 (D. Mass. Sept. 19, 2019) (dismissing claim for failure to comply with the March 2002 Order).

In this case, dismissal is the appropriate sanction. Despite warnings from the Court, Lu does not believe he needs to follow the 2002 Order. However, the First Circuit has upheld court orders instructing a *pro se* frequent litigant to follow specific procedures when filing future litigation. See Hualde-Redin v. Royal Bank of P.R., No. 96-1264, 1997 WL 157756, at *1 (1st Cir. Mar. 19, 1997) (per curium) (unpublished) (upholding court order requiring a *pro se*

[5]

plaintiff to take various procedural steps when filing a new complaint including attaching a copy of the order). Unless and until the First Circuit determines otherwise, Lu is bound by the 2002 Order, and his repeated failure to follow its directives warrants dismissal of this action.

### Lu's Motions

The MIT Defendants all waived service of process. The court calculated that the time by which an answer was due was May 18, 2020 for the individuals, and May 26, 2020 for MIT. (Docket Nos. 7-10).[2] The MIT Defendants filed the Motion to Dismiss on May 18, 2020. (Docket No. 12). In response to the MIT Defendants' Motion to Dismiss, Lu filed an opposition on May 20, 2020 and a request for default. (Docket Nos. 17, 18). The MIT Defendants then filed an answer to the complaint on May 26, 2020, and Lu filed a motion to strike the answer on May 28, 2020. (Docket Nos. 19, 23). Lu's motions must be denied.

There is no basis to enter a default against the MIT Defendants since they filed a Motion to Dismiss within the time set by the Court. See Hoyos v. Telecorp Commc'ns, Inc., 488 F.3d 1, 5 (1st Cir. 2001) (finding that a defendant had not defaulted when it filed an answer within the deadline set by the court). In addition, Lu failed to consult with the MIT Defendants before filing his request for default as required by Local Rule 7.1. Therefore, his request for default must be denied. Moreover, since the Motion to Dismiss is allowed, the request to strike the answer is moot. Consequently, that motion will be denied as well.

---

[2] In his request for default, Lu contends that the court incorrectly calculated the time under Fed. R. Civ. P. 4(d)(3), which provides that that the defendant who timely waives service of process "need not serve an answer to the complaint until 60 days after the request [to waive service of process] was sent[.]" The court set the date as 60 days from the date the waiver was received, not when it was sent. (See Docket Nos. 7-10). However, Lu did not object to the dates the answers were due as set on the Docket, and did not consult with the Defendants before filing his request for default. The Defendants reasonably relied on the dates set by the court, and there is no basis to enter any defaults for failure to file a responsive pleading.

## IV. CONCLUSION

For these reasons, the Defendants' Motion to Dismiss (Docket No. 12) is **ALLOWED**. Lu's Motion to Strike MIT Defendants' Answer (Docket No. 23) is **DENIED** as moot. Lu's Request for Default (Docket No. 18) is **DENIED**.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge